# FEDERAL OPINIONS

No. 220

PENNA. RD. CO. v. JONES

U. S. Court of Appeals, 6th Circuit

No. 4045.   Decided July 9, 1924.

Reported in full, 300 Fed. 5245.

751. MASTER AND SERVANT—1. Under the Safety Appliance Act evidence that the lifting pin did not work upon the first effort may be sufficient proof of an existing defect, if it was apparent that the effort was such and so made when, save for a defect, it would naturally have been effective.

2. Whether a coupling lever is defective under Safety Appliance Act is a question for a jury.

465. ERROR 1. Failure to charge jury defining statutory phrase "going between the ends of the cars" not prejudicial error.

2. Refusal to charge the jury that if inability to make the coupling lever work the first time, was because of the friction or the position of the two cars, and not because of any defect in the coupling apparatus, was reversible error.

DENISON, C. J.

Epitomized Opinion

Jones, while engaged in switching operations in the yard, was riding at the right hand corner of the third car of a train in motion. At a certain moment he endeavored to uncouple the two forward cars, which were to be switched onto another track, by pressing with his foot on the outer end of the coupling lever, which was of a standard and approved type. The pin did not lift, and Jones tried again, moving his foot a little further in. He then endeavored to put the whole weight of his body more directly over the lever, and accordingly swung his body around between the ends of the cars and put his whole weight upon the lever. This time the pin lifted and the cars uncoupled, but the one upon which he was riding suddenly slowed, and he was thrown upon the track and injured. Judgment

for Jones, and the Railroad brings error. In reversing the judgment and ordering a new trial, the Circuit Court held:

1. Evidence that the lifting pin did not work upon the first effort may be sufficient evidence of an existing defect, if it was apparent that the effort was of a character and made at a time when it would naturally have been effective save for a defect.

2. Evidence that the lever was bent made it proper to submit the case to a jury as to whether the Safety Appliance Act had been complied with.

3. Refusal of the trial judge to give instructions defining the statutory phrase "going between the ends of the cars" not reversible error.

4. It is reversible error for the Court to refuse to charge that if the failure of the cutting lever to work the first time was because of the friction between the coupler and the pin, or due to the position of the cars in relation to each other, and not because of any defect in the coupling apparatus, such failure would not show a violation of the Safety Appliance Act.

Attorneys—Norman A. Emery and Union C. DeFort of Youngstown for Railroad; George F. Farrell of Lisbon, Wm. O'Grady and Jay Clark, Wellsville, for Jones.